HUDSON, Judge.
 

 Defendant was found guilty of trafficking in cocaine by transportation and possession. The court sentenced him to consecutive prison terms of 35-42 months. Defendant appeals. We find no error.
 

 The State presented evidence tending to show that on 10 January 2003, Detective Jerry Soles of the Davidson County Sheriff's Department stopped a red, white and blue Camaro for a speeding violation. Two persons occupied the vehicle: the driver, identified only by the last name of Rodriguez, and defendant, who produced an identification card and told the officer that his driver's license had been revoked. Defendant also told the officer that he owned the vehicle. Defendant denied having any illegaldrugs, contraband or weapons in the vehicle. With defendant's consent, Detective Soles searched the vehicle. Inside the quarter panel on the driver's side of the back seat of the vehicle, Detective Soles found a package containing coffee grounds and two smaller bags containing an off-white powder substance, subsequently determined to be 81.5 grams of cocaine hydrochloride.
 

 Defendant did not present any evidence.
 

 Defendant assigns as error the denial of his motion to dismiss the two charges at the close of all the evidence. He argues that because the court did not instruct on acting in concert and there is no evidence that he actually transported the cocaine, his conviction of trafficking by transportation must be vacated. He argues the evidence is insufficient to show constructive possession because there is no evidence defendant knew of the presence of the cocaine in the vehicle.
 

 Upon a motion to dismiss, the trial court determines whether there is substantial evidence to establish each element of the offense charged and to identify the defendant as the perpetrator.
 
 State v. Earnhardt,
 

 307 N.C. 62
 
 , 65-66,
 
 296 S.E.2d 649
 
 , 651-52 (1982). "The trial court's function is to determine whether the evidence will permit a
 
 reasonable inference
 
 that the defendant is guilty of the crimes charged."
 
 State v. Vause,
 

 328 N.C. 231
 
 , 237,
 
 400 S.E.2d 57
 
 , 61 (1991) (emphasis in original). All of the evidence must be considered in the light most favorable to the State, giving it the benefit of every reasonable inference that may be drawn.
 
 State v. Brown,
 

 310 N.C. 563
 
 , 566,
 
 313 S.E.2d 585
 
 , 587(1984).
 

 Our Supreme Court has held:
 

 An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use. Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession. Also, the State may overcome a motion to dismiss or motion for judgment as of nonsuit by presenting evidence which places the accused 'within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession.' (Citations omitted.)
 

 State v. Harvey,
 

 281 N.C. 1
 
 , 12-13,
 
 187 S.E.2d 706
 
 , 714 (1972). "This Court has repeatedly stated that constructive possession can be inferred where the evidence shows that defendant had the power to control the vehicle where the controlled substance was discovered."
 
 State v. Munoz,
 

 141 N.C. App. 675
 
 , 685,
 
 541 S.E.2d 218
 
 , 224,
 
 cert. denied,
 

 353 N.C. 454
 
 ,
 
 548 S.E.2d 534
 
 (2001). Moreover, an inference that the defendant had knowledge of the presence of contraband in a vehicle may be drawn from the defendant's power to control the vehicle.
 
 Id.
 
 at 685,
 
 541 S.E.2d at 224
 
 . Movement of a vehicle containing cocaine from one place to another is transporting cocaine.
 
 State v. Outlaw,
 

 96 N.C. App. 192
 
 , 196-97,
 
 385 S.E.2d 165
 
 , 168 (1989),
 
 disc. review denied,
 

 326 N.C. 266
 
 ,
 
 389 S.E.2d 118
 
 (1990).
 

 The evidence, viewed in the light most favorable to the State, tends to show that defendant owned and occupied the vehicle inwhich the cocaine was found. The vehicle was stopped while speeding on Highway 109 in Davidson County. Defendant gave Detective Soles consent to search the vehicle, and Detective Soles found the cocaine after prying open the quarter panel. The cocaine was mixed with coffee grounds which is frequently used to conceal the scent of cocaine and to prevent its detection. Defendant had been under surveillance by law enforcement officers on suspicion that illegal drug sales were taking place at his residence. Surveillance officers saw defendant working in the back of his car and making frequent trips between his car and residence.
 

 We hold the foregoing evidence provided a sufficient basis for submitting the case to the jury, and find no error.
 

 No error.
 

 Judges STEELMAN and THORNBURG concur.
 

 Report per Rule 30(e).